UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ALI NEWMAN, | ) |
| | ) |
| Plaintiff(s), | ) |
| | ) |
| vs. | ) Case No. 4:20-cv-00079 SRC |
| | ) |
| PROGRESSIVE CASUALTY | ) |
| INSURANCE COMPANY, et al., | ) |
| | ) |
| Defendant(s). | ) |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant Joni Carrera's Motion to Dismiss [10] and Plaintiff Ali Newman's Motion to Remand [19]. The Court denies Carrera's Motion to Dismiss, grants Newman's Motion to Remand and remands this case back to the state court.

**I.   BACKGROUND**

In this case, Newman alleges Progressive refused to pay uninsured motorist benefits after an uninsured motorist injured Newman in a car accident. Newman asserts four counts: (1) "Vexatious Refusal" against Progressive; (2) "Uninsured Motorist Coverage" against Progressive; (3) Breach of Contract against Progressive, and (4) Tortious Interference with a Contract against Carrera. Newman originally filed this action in state court and Progressive removed it to this Court under diversity jurisdiction, 28 U.S.C. § 1332, arguing Newman joined Carrera, the non-diverse defendant, to evade the diversity jurisdiction of this Court.

**II.   STANDARD**

A defendant may remove to federal court any state court civil action over which the federal court could exercise original jurisdiction. 28 U.S.C. § 1441(a). Federal district courts have jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the

1

United States." 28 U.S.C. § 1331. "[T]he question whether a claim 'arises under' federal law must be determined by reference to the 'well-pleaded complaint.'" *Great Lakes Gas Transmission Ltd. P'ship v. Essar Steel Minn. LLC*, 843 F.3d 325, 329 (8th Cir. 2016) (quoting *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986)). The well-pleaded complaint rule "provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987).

"The [removing] defendant bears the burden of establishing federal jurisdiction by a preponderance of the evidence." *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010). The federal court must remand the case to state court if it appears the federal court lacks subject matter jurisdiction. *Id.*; 28 U.S.C. § 1447(c). "All doubts about federal jurisdiction should be resolved in favor of remand to state court." *In re Prempro Prods. Liab. Litig.*, 591 F.3d at 620.

**III.   DISCUSSION**

As the case currently stands, the Court does not have diversity jurisdiction. Diversity jurisdiction exists only when complete diversity of citizenship exists between the parties, meaning "no defendant holds citizenship in the same state where any plaintiff holds citizenship." *Little Otters of Love, LLC v. Rosenberg*, 724 Fed. App'x 498, 501 (8th Cir. 2018) (quoting *OnePoint Sols., LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007)). The Court assesses diversity of citizenship at the time the plaintiff files the action. *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991). At the time Newman filed this action, both Newman and Carrera were citizens of Missouri; thus, complete diversity did not exist.

Carrera argues diversity jurisdiction did (and does) exist because Newman fraudulently joined her, a non-diverse defendant who has no connection to the case, to defeat diversity jurisdiction. As such, she asks the Court to dismiss her. A plaintiff "cannot defeat a defendant's right of removal by fraudulently joining a defendant who has no real connection with the controversy." *Knudson v. Sys. Painters, Inc.*, 634 F.3d 968, 976 (8th Cir. 2011) (internal quotations omitted). To prove fraudulent joinder, a defendant must show the plaintiff's claim against the non-diverse defendant has "no reasonable basis in fact and law." *Id*. at 977. If a "colorable" cause of action exists, no fraudulent joinder exists. *Filla v. Norfolk S. Ry. Co.*, 336 F.3d 806, 810 (8th Cir. 2003). The district court resolves all facts and ambiguities in the plaintiff's flavor and if the sufficiency of the complaint is questionable, the "better practice" is to remand the case and leave the question for the state court. *Id*.

Here, Newman asserts a claim for tortious interference with a contract against Carrera. In Missouri, this claim requires "(1) a contract, (2) the defendant's knowledge of the contract, (3) intentional interference by the defendant inducing or causing a breach of the contract, (4) absence of justification, and (5) damages resulting from the defendant's conduct." *Kruse Concepts, Inc. v. Shelter Mut. Ins.*, 16 S.W.3d 734, 737 (Mo. Ct. App. 2000). Carrera argues a plaintiff cannot maintain a claim for tortious interference against a claims adjuster and that Missouri Revised Statute § 375.420 preempts all tort remedies where an insurer has refused to pay. Carrera cites to only two cases as authority for these propositions.

First, she cites to *Kruse Concept, Inc. v. Shelter Mutual Insurance*, 16 S.W.3d 734 (Mo. Ct. App. 2000). In *Kruse Concept*, Shelter issued a homeowner's insurance policy on a property that later sustained damage from a fire. 16 S.W.3d at 735. The homeowner contracted with Kruse Concept to restore the fire-damaged portions of his home. *Id*. At some point, the

3

homeowner fired Kruse Concept and Kruse Concept argued he did so because of Shelter's bad faith estimate of the damages and its assertion it would pay no more than the estimate. *Id*. at 736.  Kruse Concept filed a claim against Shelter for tortious interference with a contract. *Id*. at 736-37.

The *Kruse* court held that a defendant with a "present existing economic interest" can interfere with another's contract to protect her own economic interest. *Id*. at 737-38.  It found Shelter had an economic interest in the amount charged by Kruse Concept because Shelter had to pay most of the restoration costs under the insurance contract. *Id*.  This decision has no applicability to the case before this Court.  At this stage of the litigation, no allegations exist as to Carrera's economic interest for the Court to say she had justification for interfering with the contract.

Second, Carrera cites to *Overcast v. Billings Mutual Insurance Company*, 11 S.W.3d 62 (Mo. 2008) for her argument § 375.420 preempts tort claims against insurance companies.  In *Overcast*, the plaintiff, Overcast, sued his insurance company, Billings Mutual, for insurance benefits under the policy and for defamation. 11 S.W.3d at 64.  Billings Mutual argued that Missouri's vexatious refusal to pay statute, § 375.420, preempts and excludes all other remedies the insured may have against his insurance company. *Id*. at 67.  The *Overcast* court held that "there is not one word in the statute to support the notion that section 375.420 'preempts' any claim." *Id*. at 69.  Therefore, this case does not support Carrera's preemption argument.  Even if § 375.420 does preempt tort claims, it applies only to insurance companies; thus, it does not preempt tort claims against an individual defendant. *See* Mo. Rev. Stat. § 375.420 ("In any action against any *insurance company* . . .") (emphasis added).

4

Carrera provides no other support for her arguments; thus, she has not shown Newman's claim against her has no "reasonable basis in law and fact." *Filla*, 336 F.3d at 810.  Because Carrera has not established Newman fraudulently joined her in this action, complete diversity between the parties does not exist; Carrera has failed to carry her burden of proving the Court has jurisdiction by a preponderance of the evidence, and the Court must remand this matter back to the state court.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Joni Carrera's Motion to Dismiss [10] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff Ali Newman's Motion to Remand [19] is **GRANTED**.  Pursuant to 28 U.S.C. 1447(c), the Clerk of the Court shall mail a certified copy of this order of remand to the clerk of the State court.

So Ordered this 13th day of May, 2020.

                                                **STEPHEN R. CLARK**
                                                **UNITED STATES DISTRICT JUDGE**